### STANTON v. ASHLEY et al.

(Supreme Court, Appellate Term. October, 1901.)

NEGLIGENCE—DAMAGES—RECOVERY—CONTRIBUTORY NEGLIGENCE.
    Where the sewers of a building of proper material and construction overflowed by reason of waste pipes becoming choked with refuse matter, the janitor of the building cannot recover for damages to his goods and health, resulting therefrom, since, in allowing such refuse matter to accumulate, he was guilty of contributory negligence.

Appeal from municipal court, borough of Manhattan.

Action by David Stanton against Edward E. Ashley and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and McADAM, JJ.

Fromme Bros., for appellants.
W. H. Klinker, for respondent.

GILDERSLEEVE, J.  This is an appeal from a judgment of the municipal court, entered on the verdict of a jury, awarding damages to the plaintiff for the destruction of personal property, for the loss of the services of plaintiff's wife, and for medical attendance furnished to his wife.  It is claimed by plaintiff that his wife's illness was brought about by reason of an overflow of water from the sewer in the premises occupied by plaintiff's family.  The defendants were the owners of the apartment house in question, and plaintiff was the janitor of the building, receiving, as compensation for his services in caring for the house, rooms rent free, $3 a month for soap and cleaning, $1 a month for lighting the rear building, and $1 for every flat they rented.  The injuries complained of were caused by an accumulation of cabbage leaves, rags, and egg shells in the six-inch trap of the sewer, running under the cellar floor, which choked the sewer pipe, causing the water to back up and overflow a portion of the cellar floor and part of the premises on that floor occupied by plaintiff and his family.  The particular act of negligence upon which the plaintiff seeks to rest the liability of defendants is alleged in the complaint as follows: "By allowing the sewer and waste pipes to become stuffed and to remain in an unsafe and improper condition."  It is further alleged that the said building and premises were negligently and carelessly maintained by defendants, inasmuch as the waste pipes and sewers in said premises were defective.  There is no evidence tending to show that the waste pipes and sewers were not of good construction, and suitable for the services demanded.  There was no proof of any notice to defendants, from any previous similar accident, of the likelihood or possibility of the occurrence of the accident in question.  From a careful reading of the evidence, it must be said, as we have above indicated, that the overflow was due to the accumulation of refuse in the sewer and waste pipes, which choked the sewer pipe, causing the water to back up and overflow as above described.  The overflow was first noticed at 8 o'clock in the morning.  The plaintiff was away from home at the time.  About one hour after the plaintiff's wife discovered the overflow, she sent for Thomas Blake, the agent of the house.  There was some delay in finding Blake, but as soon as he was notified he went at once to the house, and, within 15 minutes after reaching there, removed the cause of the overflow.  At the close of the plaintiff's case the defendants moved for a nonsuit on the ground that the cause of action alleged in the complaint had not been proved, and that no cause of action had been established.  The motion was denied, and defendants excepted.  The motion was renewed at the close of the whole case, and was again denied, and defendants excepted.

We think the evidence shows that plaintiff was guilty of contributory negligence.  As paid janitor of the building, it was his duty to prevent the sewer and waste pipes from becoming stuffed with refuse.  He understood the functions of the sewer pipes, and  what

to do in case they became choked. He stated in his testimony that, had he been at home on that day, the overflow would not have happened. The failure on the part of plaintiff to perform the duty which he owed to the owners of the building, as their paid janitor, defeats his alleged cause of action. The judgment must be reversed, and a new trial ordered, with costs to abide the event.

Judgment reversed and new trial ordered, with costs to abide event. All concur.